# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY C. BAKER,

        Petitioner, :    Case No. 3:19-cv-294

  - vs -    District Judge Walter H. Rice
   Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
  Pickaway Correctional Institution,

                                               :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254, filed by Petitioner Johnny C. Baker with the assistance of counsel, is before the Court for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 5), and the Return of Writ (ECF No. 6). Petitioner has not filed a reply and the deadline for doing so has expired.

**Litigation History**

Baker was indicted by the Montgomery County grand jury on one count of felonious assault for the infliction of serious harm, one count of domestic violence, and one count of kidnapping; the first count had a firearm specification. After plea negotiations, he agreed to plead guilty to the kidnapping charge in return for dismissal of the other counts and an agreed sentence of three years. At the plea colloquy, the trial judge indicated he was willing to impose the agreed

sentence, provided that his prior record was as had been represented, that he cooperate in the presentence investigation, that he appear when required, and that he commit no new offenses prior to sentencing. *State v. Baker*, 2018-Ohio-3925 ¶ 3, citing Plea Tr. at 13(2nd Dist. Sep. 28, 2018), appellate jurisdiction declined, 2019-Ohio-345 (2019).

Although he had agreed to a three-year sentence, at the time initially set for sentencing Baker claimed he believed he was going to receive three years of community control and was not sure whether he wanted to withdraw his guilty plea in light of his misunderstanding. *Id.* at ¶ 5. Judge Blaine allowed him a one-week continuance to decide what he wanted to do. Upon reconvening, Baker said he did not want to withdraw his plea, but also did not want to be bound to the three years, but wanted to be able to argue for community control. *Id.* at ¶ 6. After hearing options of proceeding with the three-year agreed sentence, withdrawing the guilty plea, or arguing for a sentence within the range allowed by statute of probation up to eleven years imprisonment, he elected the third option, against the advice of counsel. *Id.*

Considering itself released from its agreement, the State argued for the maximum eleven-year term. Having considered the seriousness of the injuries inflicted and Baker's substantial prior criminal history, Judge Blaine imposed a five-year term of imprisonment. *Id.* at ¶ 7. Baker appealed, but the Second District Court of Appeals affirmed in a divided opinion. As noted above, the Supreme Court of Ohio declined to exercise appellate review. Baker then timely filed his Petition in this Court.

Although he labels it as a single constitutional claim, Petitioner pleads two grounds for relief:

> A trial court judge becomes impermissibly involved in plea negotiations when that involvement impacts the voluntariness of a defendant's plea and such judicial involvement renders a guilty plea involuntary under United States v. Davila, 596 U.S. 597, 133 S.Ct.

2139, 186 L.Ed.2d 139 (2013) and violated the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

When a trial court binds itself to an agreed sentence in a plea negotiation, fundamental fairness does not allow a judge to impose a greater sentence than was agreed to without a material change in the facts, in violation of the Fifth, Eight [sic], and Fourteenth Amendments to the United States Constitution.

(Petition, ECF No. 1, PageID 2).

## Analysis

**Ground One: Impermissible Trial Judge Involvement in Plea Negotiations**

In his First Ground for Relief, Barker argues that Judge Blaine improperly became involved in plea negotiations, rendering the guilty plea void because it was not knowing, intelligent, and voluntary (Petition, ECF No. 1, PageID 7-9). He relies on *United States v. Davila*, 569 U.S. 597[1] (2013), and *United States, ex rel Elksnis v. Gilligan* 256 F.Supp. 244, 253 (S.D.N.Y. 1966).

Respondent concedes that Baker has preserved both of his habeas claims for merits review (Return, ECF No. 6, PageID 322). She asserts *Davila* was solely concerned with the proper interpretation of Fed.R.Crim.P. 11 and did not make any constitutional holding applicable to this case. She agrees that judicial participation in plea negotiations which amount to coercion will render the conviction void. *Id.* at PageID 326. She notes that none of the judge's comments relied

---
[1] Incorrectly cited in the Petition as 596 U.S. 597.

3

on by Petitioner as coercive occurred before Baker agreed to plead guilty and that he was given an opportunity, which he did not take, to withdraw his guilty plea. Having summarized the record of plea and sentencing she concludes:

> The record could not be more unambiguous that Baker voluntarily made his own choice to maintain his initial plea, but sever any negotiated sentencing recommendation from the State. Baker never once asked to have his case tried on the merits, and never asked to withdraw his plea, despite being given an additional week to file such a motion. He plainly indicated to both his attorney and the trial court that he foolishly wanted to roll the dice and gamble that the judge would give him less prison time than the three-years he had negotiated. But his foolishness cannot be attributed to the Court's actions or statements. Under the facts of this case, nothing the trial court said to Baker coerced, or even influenced, him to plead guilty in that Baker "never seriously considered proceeding to trial."

(Return, ECF No. 6, PageID 336).

Baker presented his first federal ground for relief to the Second District Court of Appeals as his fourth assignment of error and the court decided it as follows:

> **[*P18]** In his fourth assignment of error, Baker contends the trial court erred in impermissibly involving itself in plea negotiations. His argument focuses on the trial court providing allegedly conflicting information about his sentence. Baker asserts that the trial court originally told him he would receive a three-year prison sentence, then told him that it was not bound by that agreement, then sentenced him to five years. Baker also argues that an entirely new plea hearing was required when the initial plea agreement was modified by making the entire range of sentencing options available.
>
> **[*P19]** Upon review, we find no merit in Baker's arguments. As set forth above, the trial court initially agreed to go along with the parties' jointly-recommended three-year prison term that was part of a plea bargain. When the parties later appeared in court, Baker expressed concerns about the sentencing agreement. The trial court recessed the case and gave him a week to think about how he wanted to proceed. When the case reconvened on November 22, 2017, Baker repeatedly stated that he wanted to proceed on his guilty plea but with the entire range of sentencing options available to the trial court. In essence, Baker wanted to waive the agreed-sentence portion of his plea agreement. The trial court discussed the issue

> with Baker and ensured that he was making this decision knowingly, intelligently, and voluntarily. (Sentencing Tr. at 12-16.) Defense counsel also stated that he had discussed the issue with Baker and had advised against Baker's course of action. Baker acknowledged receiving this advice. (*Id.* at 12-13.) Based on our review of the record, we see no improper actions by the trial court. We also see no need for an entirely new plea hearing. Baker repeatedly insisted that he *did not* want to withdraw his prior guilty plea. He only wanted the trial court to be free to consider all potential sentences. After painstakingly assuring that Baker understood what he was doing, the trial court granted his request. We see no error. The fourth assignment of error is overruled.

*Baker*, 2018-Ohio-3925.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Respondent correctly argues that *Davila* is not in point. Justice Ginsburg's majority opinion in the case discusses only the proper interpretation of Fed. R.Crim.P. 11 and does not contain even any relevant constitutional dicta. The Second District's decision is entitled to deference unless it is an objectively unreasonable application of some other holding of the Supreme Court.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d

614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

Petitioner agreed without any apparent coercion that he would accept a three-year sentence in return for eliminating the possibility of conviction on all counts with a maximum exposure of

nineteen years imprisonment. There is no doubt from the record that that was the agreement; Baker's trial counsel confirmed it several times. When Baker told Judge Blaine that he understood the deal was for probation, he was given an opportunity to withdraw his plea, but never attempted to do so, orally or in writing. Instead, having made a bargain, he attempted to re-negotiate the bargain, but apparently believes he was entitled to do so without taking any risk of a stiffer sentence. No Supreme Court precedent compels that result. The Second District's decision is therefore entitled to deference under 28 U.S.C. § 2254(d)(1).

**Ground Two: Unlawful Sentence, Given Trial Judge's Prior Agreement to a Lesser Sentence**

Baker also argues that because Judge Blaine had agreed to impose a three-year sentence if certain conditions were met, he could not lawfully impose a five-year sentence under the circumstances of this case. Baker raised this claim as his fifth assignment of error on direct appeal and the Second District decided it as follows:

> [*P20] In his fifth assignment of error, Baker contends his five-year prison sentence is contrary to law. He argues:
>
>> * * * Appellant would submit that it is otherwise contrary to law for a trial judge to agree to a sentence of 3 years and then subsequently sentence the individual to 5 years. There is no logical basis for the prosecution to agree to a 3 year sentence and then argue that the appropriate sentence is 11 years. A system that allows this to happen does not have rationality in the rule of law.
>
> (Appellant's brief at 9-10).
>
> [*P21] Upon review, we conclude that Baker's five-year prison sentence for first-degree felony kidnapping is not contrary to law. Once Baker waived the agreed-sentence aspect of his plea agreement, the prosecutor was free to advocate for any lawful sentence. In any event, we fail to see the relevance of the prosecutor's argument for an eleven-year sentence. The trial court

> only imposed a five-year sentence, and that is what Baker's assignment of error challenges.
>
> **[*P22]** The five-year sentence is not contrary to law because the trial court complied with the applicable statutes before imposing the sentence, which was within the authorized statutory range. Although Baker complains about the trial court deviating from the previously-agreed three-year sentence, he took that risk when he waived the sentencing aspect of the plea agreement and asked the trial court to select a sentence from the entire range of available options. In essence, Baker exchanged the certainty of a three-year sentence for the hope of convincing the trial court to grant him community control. The risk in doing so was that the trial court would review the record, including the PSI report, and conclude that Baker's offense warranted a prison term longer than three years. That is why defense counsel advised Baker against waiving the agreed-sentence aspect of his plea. The fact that Baker's gamble did not pay off does not make his sentence contrary to law.
>
> **[*P23]** Finally, Baker asserts in passing that his five-year sentence constitutes cruel and unusual punishment under the Eighth Amendment. He provides no substantive argument for this claim, which we find to be unpersuasive. As noted above, the five-year sentence was well within the authorized statutory range, and the trial court was not bound to impose a three-year sentence because Baker knowingly, intelligently, and voluntarily waived that aspect of his plea agreement. Accordingly, the fifth assignment of error is overruled.

*Baker*, 2018-Ohio-3925.

Baker cites no Supreme Court precedent to the effect that once a trial judge agrees that a particular sentence is appropriate, he or she can never impose a more severe sentence.

Plea agreements are contractual in nature. Judges are not parties to those agreements, nor should they be. Rather they are enforcers of plea agreements. Here the agreement was for a three-year term of imprisonment in exchange for the State's dismissing charges which could have led to a nineteen-year sentence. Baker claimed, after entering his guilty plea, he made a mistake in accepting that plea agreement, which he says he thought was for three years probation. Judge Blaine offered him a chance to rescind the whole agreement by moving to withdraw his guilty

plea. It is not clear such a motion would have been well taken, since defense counsel was very clear what the three-year term was: prison, not community control. But Baker also made it clear he did not want to rescind the whole agreement, but just the part that placed a lower (and upper) limit on his punishment. Having been permitted to rescind (or waive as the Second District put it) just that part of the plea agreement, he cannot be heard to argue that he was entitled to have the prior limit on sentencing enforced.

Judge Donovan sharply dissented. *Baker*, 2018-Ohio-3925, ¶¶ 25 et seq. she opined that Baker "was sentenced upon misinformation, incomplete information, and an illusory inducement, all of which prevented Baker from exercising a rational calculus of how to proceed." *Id.* at ¶ 25. Noting that under federal constitutional law, plea agreements are contractual in nature, she would not permit a "waiver" of portions of plea agreements as was done here and urged the Ohio Supreme Court to take the case and adopt that position. Even assuming a waiver was possible, she concluded Baker's eventual adherence to his guilty plea was misinformed. *Id.* at ¶ 28. She was particularly concerned that the State was willing to accept a three-year term, but argued for eleven years after the "waiver." She would have reversed and remanded for specific performance of the original plea agreement or for a "hearing on rescission providing Baker a fully and accurately informed election." *Id.* at ¶ 45.

Doubtless the record could have been made clearer, although the Magistrate Judge notes Baker often interrupted Judge Blaine while the judge was trying to explain where things stood. Certainly the court could have taken Baker's expression of misunderstanding as a motion to withdraw the guilty plea and held a hearing to determine whether that misunderstanding made the plea illusory.

However, a federal habeas court does not sit to correct errors in the taking of guilty plea,

much less as a "best practices" board for such situations. Rather we must defer to state court decisions unless they are objectively unreasonable applications of Supreme Court precedent. No Supreme Court precedent commands that a state court judge not participate in plea negotiations, so long as his or her involvement is not coercive. Nor does any such precedent command specific performance of a sentencing agreement which the defendant himself or herself has repudiated.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. However, based on Judge Donovan's dissent, it is clear that reasonable jurists could disagree. Therefore Baker should be issued a certificate of appealability on both grounds for relief.

December 23, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.