# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY C. BAKER,

            Petitioner,    :    Case No. 3:19-cv-294

- vs -                          District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
  Pickaway Correctional Institution,

                                          :
            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 8) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 7). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 9). The time for Respondent to reply to Petitioner's Objections has expired, rendering the case ripe for reconsideration.

Petitioner effectively pleaded two grounds for relief:

> A trial court judge becomes impermissibly involved in plea negotiations when that involvement impacts the voluntariness of a defendant's plea and such judicial involvement renders a guilty plea involuntary under *United States v. Davila,* 596 U.S. 597, 133 S.Ct. 2139, 186 L.Ed.2d 139 (2013) and violated the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

> When a trial court binds itself to an agreed sentence in a plea negotiation, fundamental fairness does not allow a judge to impose a greater sentence than was agreed to without a material change in

1

> the facts, in violation of the Fifth, Eight [sic], and Fourteenth
> Amendments to the United States Constitution.

(Petition, ECF No. 1, PageID 2.)

The Report concluded that the Second District Court of Appeals had decided both of these federal constitutional questions on the merits and that its decision was entitled to deference under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 7, PageID 349, 352, citing *State v. Baker,* 2018-Ohio-3925 (Ohio App. 2nd Dist. Sep. 28, 2018 ). Petitioner raises three objections.

**First Objection: Error in the State Court Litigation History**

Baker first objects that the Report contains an erroneous statement that Baker's indictment for felonious assault contained a firearm specification (Objections, ECF No. 8, PageID 354-55). The objection is well-taken. Examination of the Indictment shows no firearm specification (State Court Record, ECF No. 5, PageID 199-201). That portion of the Report referencing a firearm specification is WITHDRAWN.[1] The reference is not material to the balance of the analysis in the Report.

**Second Objection: Trial Judge Involvement in Plea Negotiations**

In his first ground for relief, Baker argues that the trial judge impermissibly engaged in the plea negotiations, rendering the resulting plea voidable.

In his Petition, Baker relied on *United States v. Davila*, 569 U.S. 597 (2013), as setting the

---

[1] The mistake probably occurred because the Magistrate Judge did not check the actual Indictment against the Respondent's assertion that there was a firearm specification (Return, ECF No. 6, PageID 319). Petitioner missed his first chance to correct this mistake by not filing a reply.

standard against which the trial judge's involvement here should be measured. The Report agreed with Respondent that *Davila* was not a clearly established Supreme Court precedent setting constitutional standards that could ground habeas corpus relief. Rather than constitutional standards, *Davila* discusses only the proper interpretation of Fed. R. Crim. P. 11 which is not applicable to the state courts (Report, ECF No. 7, PageID 347).

Baker objects that his "position is that *Davila* directs that a judge's participation is a harmless error if it does not affect a defendant's substantial rights, but a plea must be vacated where the record shows that the trial court's involvement was prejudicial to the defendant's decision to plea [sic]." (Objections, ECF No. 8, PageID 356). But as Baker concedes, Justice Ginsburg herself said in her majority opinion in *Davila* that the provisions of Fed. R. Crim. P. 11 were not "impelled by the Due Process Clause or any other constitutional requirement." 569 U.S. at 610. As Baker correctly points out, there are Supreme Court precedents that govern the constitutionality of plea negotiations (ECF No. 8, PageID 356, citing *Brady v. United States*, 397 U.S. 742 (1970); *Machibroda v. United States*, 268 U.S. 487 (1962); and *Santobello v. New York*, 404 U.S. 257 (1971), but none of them categorically forbids trial judge involvement in plea negotiations as Fed. R. Crim. P. 11 does.

The Report concluded the Second District had applied the correct constitutional standard: was the plea knowing, intelligent, and voluntary? The confusion arose after the plea had been tendered and accepted when Baker said he thought the agreed sentence was three years probation.

The Report found, "When Baker told Judge Blaine that he understood the deal was for probation, he was given an opportunity to withdraw his plea, but never attempted to do so, orally or in writing." (Objections, ECF No. 8, PageID 357, citing Report, ECF No. 7, PageID 349.) Baker objects:

> That is an inaccurate characterization of the entire process. Baker verbally stated that he wished to withdraw his plea. Judge Blaine then instructed Baker's attorney to file a Motion to Withdraw and continued the hearing to allow it to be filed. Doc # 1-3, Sentencing Tr. 9-10, Page ID # 37-38. It was not. Judge Blaine went so far as to discuss the appointment of new counsel for Baker. Judge Blaine also

3

> stated, "So what I'm going to do is by law I've set the case for a hearing on whether or not to grant your motion." *Baker*, ¶ 30. It was not. Again, the characterization places that fault on Baker when, in fact, the reason it was not filed is unknown. Baker's counsel indicated that he advised against it but never stated that Baker no longer wished to withdraw his plea. Instead, when Baker returned to court (one of the conditions of the contractual plea agreement), Judge Blaine presented "options."
>
> The trial judge erroneously explained that under "Option B," if Baker's motion to withdraw his plea were granted, **the State** "will...set our case for trial." Id. at ¶ 31 (emphasis added). This is totally wrong. It is a defendant's choice, and his or her choice alone, to set the case for trial, enter a guilty plea, or attempt more negotiations. *Id*.

(Objections, ECF No. 8, PageID 357.) The Magistrate Judge agrees with Judge Donovan's dissent on appeal that Judge Blaine's explanations to Baker could have been much clearer. And of course, it is a defendant's choice whether to plead guilty, go to trial, or attempt to engage in more negotiations. However, that is not a choice that can be infinitely reopened. Every trial judge has experience with defendants who believe the terms of a plea agreement are renegotiable indefinitely.

Here Baker made a deal for a three-year agreed sentence which his lawyer endorsed. When he said he did not understand the deal was for three years' imprisonment instead of three years' probation, Judge Blaine gave him an opportunity to withdraw the guilty plea. Baker objects that the Report "puts the blame" on Baker for not filing a written motion to withdraw the plea. "Blame" is not the correct word and is not used in the Report. The correct word is "responsibility." Judge Blaine gave Baker a week to have his lawyer file the motion. The motion was not filed, but Baker has never accused his attorney of ineffective assistance for failing to file it. From this the Magistrate Judge drew the logical inference that Baker decided not to withdraw the plea, an inference consistent with his later behavior in the case.

The Magistrate Judge accordingly reaffirms his conclusion that the Second District's decision on Judge Blaine's participation in the plea negotiations is neither contrary to nor an objectively

unreasonable application of the Supreme Court precedent cited in the Report, not including *Davila*.

**Third Objection: The Trial Judge Should Be Bound to the Agreed Sentence**

In his Second Ground for Relief, Baker argues that once Judge Blaine had agreed to a three-year sentence, he could not lawfully impose a harsher sentence. The Report found that this claim had been submitted to the Second District as Baker's fifth assignment of error and overruled by that court on the merits. (Report, ECF No. 7, PageID 349-52.) The Report recommended dismissing the claim because "Baker cites no Supreme Court precedent to the effect that once a trial judge agrees that a particular sentence is appropriate, he or she can never impose a more severe sentence." *Id.* at PageID 350.

Baker objects, essentially rearguing his position that Judge Blaine improperly induced him into a plea agreement and then did not sentence in accord with that agreement. The Magistrate Judge continues to believe the record is clear that there was an agreed sentence of three years' imprisonment which Baker tried to get out of by claiming it was for three years' probation. Baker cites no United States Supreme Court precedent clearly establishing that once a state trial judge has agreed to a sentence as a part of a plea bargain, he or she cannot impose a harsher sentence once the defendant backs out, which is the proposition on which his second ground for relief is based.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again concludes the Second District's decision is entitled to deference and the Petition should therefore be dismissed with prejudice.

In the Report the Magistrate Judge recommended that a certificate of appealability should be granted and Respondent has not objected. Therefore, a certificate of appealability should be issued as to both grounds for relief, given that they are closely entwined.

February 13, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.