IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNY C. BAKER,

    Petitioner,

v.

EMMA COLLINS, Warden,
Pickaway Correctional
Institution,

    Respondent.

Case No. 3:19-cv-294

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #7) AND SUPPLEMENTAL REPORT
AND RECOMMENDATIONS (DOC. #10); OVERRULING
PETITIONER'S OBJECTIONS TO REPORT AND
RECOMMENDATIONS (DOC. #8); SUSTAINING RESPONDENT'S
OBJECTIONS TO SUPPLEMENTAL REPORT AND
RECOMMENDATIONS, ALBEIT ON DIFFERENT GROUNDS (DOC.
#11); DISMISSING WITH PREJUDICE PETITION FOR WRIT OF
HABEAS CORPUS (DOC. #1); DENYING CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*;
JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST
PETITIONER; TERMINATION ENTRY

---

This matter is currently before the Court on United States Magistrate Judge Michael R. Merz's Report and Recommendations, Doc. #7, and on Petitioner's Objections thereto, Doc. #8. Also pending is Magistrate Judge Merz's Supplemental Report and Recommendations, Doc. #10, and Respondent's Objections thereto, Doc. #11.

I.

The relevant facts and procedural history are set forth in the Report and Recommendations, and Supplemental Report and Recommendations, Docs. ##7, 10. Essentially, Petitioner agreed to plead guilty to kidnapping and the parties jointly recommended a three-year sentence. The court accepted the guilty plea. However, at the sentencing hearing, Petitioner told the court that it was his understanding that he would be subject to three years of *community control*, not a three-year prison sentence. The court continued the hearing and gave Petitioner the opportunity to withdraw his guilty plea. Petitioner, against advice of counsel, decided that he still wanted to plead guilty, but wanted the court to be able to consider the full range of sentencing possibilities, from community control up to eleven years imprisonment. The court then, having considered Petitioner's criminal history and the circumstances surrounding the crime, imposed a sentence of five years imprisonment.

Petitioner appealed. In a split decision, the Second District Court of Appeals affirmed the judgment. *State v. Baker*, 2018-Ohio-3925, 119 N.E.3d 987 (2d Dist. 2018). The Supreme Court of Ohio declined review. In his Petition for Writ of Habeas Corpus, Petitioner argues that the trial judge's involvement in the plea negotiation rendered his guilty plea involuntary, and that the imposition of a sentence greater than the one originally agreed to by the parties violated his constitutional rights.

In his Report and Recommendations, Doc. #7, Magistrate Judge Merz recommended that the Petition be dismissed with prejudice on the merits. However, citing Judge Donovan's dissenting opinion in the Second District Court of Appeals decision, he recommended that the Court grant a certificate of appealability on both grounds for relief.

Petitioner filed Objections to the Report and Recommendations. Doc. #8. He argued that the Magistrate Judge's recitation of the litigation history was erroneous in that his indictment did not include a firearm specification, and that the Magistrate Judge erred in recommending dismissal of his Petition on the merits. That same day, the Court recommitted the matter to Magistrate Judge Merz for a Supplemental Report and Recommendations. Doc. #9.

Magistrate Judge Merz then filed a Supplemental Report and Recommendations, Doc. #10. He withdrew that portion of the previous judicial filing that had mistakenly referred to the firearm specification, but again recommended that the Court dismiss the Petition with prejudice on the merits. He again also recommended that the Court grant a certificate of appealability, noting that Respondent had not filed any Objections to the recommendation, in the initial Report and Recommendations, that the certificate of appealability be granted.

Although advised of his right to file Objections to the Supplemental Report and Recommendations, and of the consequences of failing to do so, Petitioner filed no Objections to that judicial filing. Respondent did, however. She explained that she had not filed Objections earlier because, immediately after Petitioner filed his

Objections to the initial Report and Recommendations, and before the time for filing Objections had run, the Court recommitted the matter to the Magistrate Judge.[1] Respondent argued that, under the circumstances presented, it would be improvident to grant a certificate of appealability. Doc. #11.

II.

The Court is required to make a *de novo* review of those portions of the Reports and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3).

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations, Doc. #7, and his Supplemental Report and Recommendations, Doc. #10, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings with respect to the merits of Petitioner's claims.

The Court OVERRULES Petitioner's Objections to the initial Report and Recommendations. Doc. #8. For reasons explained in the Supplemental Report and Recommendations, the Court finds that Magistrate Judge Merz properly concluded that Petitioner failed to show that the Second District's adjudication of Petitioner's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1] Under these circumstances, Respondent cannot be penalized for failing to file Objections to the initial Report and Recommendations.

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner's Petition for Writ of Habeas Corpus, Doc. #1, is DISMISSED WITH PREJUDICE.

III.

The Court, however, REJECTS that portion of the Report and Recommendations, Doc. #7, and Supplemental Report and Recommendations, Doc. #10, that recommend granting a certificate of appealability. The Court thus SUSTAINS Respondent's Objections to the Supplemental Report and Recommendations, Doc. #11, albeit on different grounds.

Given that Petitioner failed to file any Objections to the Supplemental Report and Recommendations, he has waived his right to appeal the dismissal of his Petition for Writ of Habeas Corpus. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985) (holding that a party who fails to file Objections to a report and recommendations waives the right to appeal the district court's judgment); *Smith v. Younger*, 187 F.3d 638 (6th Cir. 1999) (Table) (holding that plaintiff waived her right to appeal dismissal of the claims "because she failed to file any objections to the magistrate judge's supplemental report and recommendation."). Because Petitioner has forfeited his right to appeal, the Court DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

IV.

Judgment shall be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 18, 2020

*Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE